RUBINO v. SCHENK & SCHLICHTE, Inc.

(Supreme Court, Appellate Term. June 21, 1912.)

MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—EMPLOYMENT OF MINORS—KNOWLEDGE OF MINORITY—BURDEN OF PROOF.

In an action for injury to an employé under 16 years old, employed in violation of Labor Law (Consol. Laws 1909, c. 31) § 162, the burden was on plaintiff to show that defendant employer did not act as an ordinarily reasonable and prudent person would to satisfy himself that plaintiff was over the age limit.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Michael Rubino, an infant, by Michael Rubino, his guardian ad litem, against Schenk & Schlichte, Incorporated. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Nadal, Jones & Mowton, of New York City (Edwin A. Jones and Wm. S. Hawkins, both of New York City, of counsel), for appellant.

Guido J. Giudici, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued to recover damages for personal injuries incurred through the negligence of the defendant. The alleged negligence consisted in employing the plaintiff at a time when he was under the age of 16, and, therefore, in violation of section 162 of the Labor Law.

On the trial, the fact that the plaintiff was at the time of the employment under 16 was not disputed. On the other hand, the defendant claimed that the boy was at the time strong and healthy in appearance and weighed some 160 pounds. This was not denied by the plaintiff. Plaintiff testified that he was not asked his age. Defendant testified that he did ask plaintiff's age, or rather the date of his birth, and that plaintiff gave him a date, from which it would appear that he was over 16 years, and that defendant made a written memorandum of the same at the time, which was introduced in evidence without objection. In this state of the evidence, the determination of defendant's negligence depended upon whether it had used reasonable care in the employment of plaintiff; that is to say, whether it had acted as an ordinarily reasonably prudent person would with reference to satisfying itself that the plaintiff was over 16 years of age. On this, practically the sole issue in the case. the burden of proof was, of course, upon the plaintiff. Yet the learned court below charged as follows:

"When you come to the question in this case as to the age of this plaintiff, and as to whether the necessary precautions were taken by the defendant to ascertain whether he was under the legal age to do this work, *then the burden of proof in this case was upon the defendant*, and he should not only have taken into consideration the appearance of the boy, but he should have made such inquiries, and exhausted all reasonable means at his command to ascertain whether this boy could legally be employed by him in his factory, and, unless he did that, then he is negligent in the eyes of the law."

This was manifest error, as the burden of proof could not shift. Heineman v. Heard, 62 N. Y. 448. At the request of plaintiff's counsel, the court attempted to modify this charge; but the modification did not relate to the burden of proof, and was entirely ineffective to correct the error. In view of the sharp conflict of evidence on a material fact affecting the main issue of the case, and in view of the plainly decisive character of the question where lay the burden of

proof on this issue, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.